[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

No. 10-12709
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-00172-JA-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD E. MORGAN,
MARY A. MORGAN,

Defendants-Appellants,

TRI-MORGAN FAMILY LIMITED PARTNERSHIP, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2011)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Richard and Mary Morgan ("the Morgans"), proceeding *pro se*, appeal from the district court's grant of summary judgment in favor of the government in its action to reduce its tax liens against the Morgans to judgment, and to foreclose upon their property, pursuant to Internal Revenue Code ("I.R.C.") §§ 7401, 7403.[1] On appeal, the Morgans argue that the district court erred by granting summary judgment to the government because the accounting performed by the Internal Revenue Service ("IRS") regarding the Morgans' tax liabilities was incorrect under the Morgans' interpretation of the I.R.C. The Morgans also argue that the district court abused its discretion in denying their motions under Federal Rules of Civil Procedure 59(e) and 52(b).

Whether the court properly granted the government's motion for summary judgment is a question of law that we review *de novo*. *United States v. Ryals*, 480 F.3d 1101, 1104 (11th Cir. 2007). A tax assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of

---

[1] Although the Morgans' notice of appeal references only the date of the order denying their motion for the court to declare the law of the case, their brief clearly is intended as an appeal of the district court's summary judgment order, and both parties have briefed the issues on appeal as such. For that reason, we consider the Morgans' appeal to be of the district court's summary judgment order. *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006).

unpaid taxes," and such a determination "is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S. Ct. 2117, 2122, 153 L. Ed. 2d 280 (2002). Accordingly, taxpayers have the burden of proving that the IRS's computations in this regard were erroneous. *Pollard v. Comm'r, IRS*, 786 F.2d 1063, 1066 (11th Cir. 1986).

The Morgans' arguments that the IRS's assessments were incorrect are frivolous. Their arguments raise issues of statutory interpretation related to the meaning of the words: (1) "includes" and "including"; (2) "employment" and "self-employment"; (3) "trade or business"; (4) "self-employment income," "net earnings from self-employment," and "wages"; (5) "United States"; and (6) "State." Their specific argument that income from work in the private sector is not subject to income tax has been rejected as frivolous by this Court in *United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (per curiam), and *United States v. Motes*, 785 F.2d 928, 928 (11th Cir. 1986) (per curiam) (rejecting as frivolous the claim that "only public servants are subject to tax liability"). The specific argument that only employment within the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa qualifies as employment "within the United States" is likewise frivolous under *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (per curiam) (finding "utterly without merit" the claim that

3

the Income Tax Code limits the definition of "United States" to the District of Columbia and the aforementioned territories).

Accordingly, because the government's assessments were presumptively correct, and because the Morgans did not meet their burden of showing that the assessments were incorrect, the government possessed valid liens on the Morgans' property and the district court properly granted summary judgment. *See Pollard*, 786 F.2d at 1066; I.R.C. §§ 6321, 6322.

We review the denial of a Rule 59(e) or Rule 52(b) motion for abuse of discretion. *Lambert v. Fulton Cnty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001); *Triago v. Fed. Deposit Ins. Corp.*, 847 F.2d 1499, 1504 (11th Cir. 1988). Furthermore, in order for a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(e) may not be used "to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

In both motions, the Morgans sought to relitigate old arguments that the court had already found to be frivolous and to add facts to the record that were not material to the outcome of the case. In their amended Rule 59(e) motion for

reconsideration, the Morgans failed to allege, much less show, that they could not have submitted their purported newly discovered evidence prior to the court's grant of summary judgment. The district court, therefore, did not abuse its discretion in denying the motions.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**