T.C. Memo. 2012-181

UNITED STATES TAX COURT

DANIEL W. JENKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17548-10.                    Filed June 28, 2012.

Daniel W. Jenkins, pro se.

<u>Thomas Alan Friday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  On April 30, 2010, respondent issued notices of

deficiency in which he determined the following deficiencies and additions to tax

with respect to petitioner's Federal income tax:

|       |            | Additions to tax |                |           |
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2) | Sec. 6654 |
| ----- | ---------- | ---------------- | --------------- | --------- |
| 2004  | $16,577    | $3,730           | $4,144          | $163      |
| 2005  | 24,141     | 5,432            | 5,552           | 968       |
| 2006  | 24,488     | 5,510            | 4,163           | 1,159     |
| 2008  | 21,280     | 2,879            | 640             | 381       |

The issues for decision are: (1) whether petitioner had unreported compensation income for each of the years at issue; (2) whether petitioner had unreported cancellation of indebtedness income for 2004; and (3) whether petitioner is liable for additions to tax under sections 6651(a)(1)[1] and (2) and 6654 for each of the years at issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Alabama when he filed his petition.

I.      Background

Petitioner has two associate's degrees, one in finance and one in business. During the years at issue petitioner was employed by, and received payment from,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

various companies.  The companies issued to respondent information returns reporting payments made to petitioner during 2004-06 and 2008.

For 2004 respondent received the following information returns with respect to petitioner:  (1) a Form 1099-MISC, Miscellaneous Income, from Showroom Controls, Inc. (Showroom), reporting nonemployee compensation of $40,277; (2) a Form 1099-MISC from Beacon Industries, Inc. (Beacon Industries), reporting nonemployee compensation of $6,438; (3) a Form 1099-MISC from KSSD, Inc. (KSSD), reporting nonemployee compensation of $11,202; and (4) a Form 1099-C, Cancellation of Debt, from Bank of America, reporting cancellation of indebtedness income of $732.

For 2005 respondent received the following information returns with respect to petitioner:  (1) a Form 1099-MISC from Showroom reporting nonemployee compensation of $73,299; and (2) a Form 1099-MISC from Beacon Industries reporting nonemployee compensation of $5,331.

For 2006 respondent received the following information returns with respect to petitioner:  (1) a Form 1099-MISC from Showroom reporting nonemployee compensation of $64,918; (2) a Form 1099-MISC from Automotive Lease Guide (ALG), Inc. (ALG), reporting nonemployee compensation of $2,394; (3) a Form 1099-MISC from Dent Zone Marketing Group, Inc. (Dent Zone), reporting

nonemployee compensation of $2,668; (4) a Form 1099-MISC from Beacon Industries reporting nonemployee compensation of $2,357; and (5) a Form 1099-MISC from WiredLogic, Inc., d.b.a. Dealerwire (WiredLogic), reporting nonemployee compensation of $7,732.

For 2008 respondent received the following information returns with respect to petitioner: (1) a Form 1099-MISC from Showroom reporting nonemployee compensation of $1,400; (2) a Form 1099-MISC from eXteres Corp. (eXteres) reporting nonemployee compensation of $2,000; (3) a Form W-2, Wage and Tax Statement, from JM Dealer Services, Inc. (JM Dealer Services), reporting wages of $100,985; and (4) a Form 5498-SA, HSA, Archer MSA, or Medicare Advantage MSA Information, from JP Morgan Chase Bank, reporting future contributions of $2,362.

## II.    Petitioner's Tax Reporting

On August 21, 2008, respondent received petitioner and his wife's joint Forms 1040, U.S. Individual Income Tax Return, for 2004-06. On June 1, 2009, respondent received petitioner and his wife's joint Form 1040 for 2008. On the Forms 1040 petitioner listed his occupation as "American Citizen". On each of the Forms 1040 petitioner reported taxable income of zero.

Petitioner attached to his 2004 Form 1040 self-prepared revised Forms 1099-MISC on behalf of Beacon Industries, KSSD, and Showroom.  On each of these Forms 1099-MISC petitioner reported he received zero nonemployee compensation.  Petitioner also attached a self-prepared revised Form 1099-C on behalf of Bank of America, on which he reported that Bank of America canceled zero debt.

Petitioner attached to his 2005 Form 1040 self-prepared revised Forms 1099-MISC on behalf of Beacon Industries and Showroom.  On each of these Forms 1099-MISC for 2005 petitioner reported he received zero nonemployee compensation.

Petitioner attached to his 2006 Form 1040 self-prepared revised Forms 1099-MISC on behalf of Dent Zone, ALG, Beacon Industries, WiredLogic, and Showroom.  On each of these Forms 1099-MISC for 2006 petitioner reported he received zero nonemployee compensation.

Petitioner attached to his 2008 Form 1040 a self-prepared revised Form 1099-MISC on behalf of eXteres.  On that Form 1040, petitioner reported that he received zero nonemployee compensation.  Petitioner also attached a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts,

etc., on behalf of JM Dealer Services.[2]  On the Form 4852 petitioner reported that

JM Dealer Services withheld Federal income tax of $8,485, State income tax of

$4,266, Social Security tax of $6,261, and Medicare tax of $1,464.  Petitioner also

attached a Form 8889, Health Savings Accounts, on which he reported employer

contributions of $1,350 for 2008.

On each of the self-prepared revised Forms 1099-MISC for 2004-06 and

2008 petitioner included the following:[3]

> Note:  This corrected Form 1099-MISC is submitted to rebut a
> document known to have been submitted by the party identified above
> as "PAYER", which erroneously alleges a payment to the party
> identified above as the "RECIPIENT" of "gains, profit or income"
> made in the course of a "trade or business".  Under penalty of perjury,
> I declare that I have examined this statement and to the best of my
> knowledge and belief, it is true, correct, and complete.

III.    Notices of Deficiency

On April 30, 2010, respondent issued to petitioner notices of deficiency for

the years at issue.  On the basis of the third-party information returns respondent

determined that petitioner had unreported taxable income for 2004-06 and 2008.

---

[2]On his Form 4852 petitioner included the following statement:  "The original W-2 incorrectly alleged that I earned 'wages'.  This correcting form ends that presumption.  I was a private-sector worker hired by a private sector company (non-federal entity).  I was not involved in a 'trade or business'."

[3]Petitioner included a similar statement on his self-prepared revised Form 1099-C for 2004.

For 2004 respondent determined that petitioner failed to report nonemployee compensation of $57,917 and cancellation of indebtedness income of $732. For 2005 respondent determined that petitioner failed to report nonemployee compensation of $78,630. For 2006 respondent determined that petitioner failed to report nonemployee compensation of $80,069. For 2008 respondent determined that petitioner failed to report nonemployee compensation of $3,400 and wages of $100,985. Respondent also determined that petitioner was liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for 2004-06 and 2008.

## IV.   Tax Court Proceedings

On August 4, 2010, petitioner filed a petition with this Court contesting respondent's determinations in the notices of deficiency. In his petition, petitioner contended that respondent relied on "purported information returns which * * * were not created by a lawful payers * * * were not sent to a lawful recipient * * * mischaracterize payments as reportable income * * * mischaracterize payments as taxable income." We set this case for trial at the trial session beginning April 26, 2011, in Mobile, Alabama. At trial we warned petitioner that if he continued to

assert frivolous or groundless positions, this Court would consider imposing a penalty under section 6673.[4]

## OPINION

### I. Burden of Proof

Ordinarily, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[5] with regard to all reasonable requests for

---

[4]Sec. 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that: (1) the proceedings were instituted or maintained by the taxpayer primarily for delay, (2) the taxpayer's position is frivolous or groundless, or (3) the taxpayer unreasonably failed to pursue available administrative remedies. Respondent did not request that we impose a penalty pursuant to sec. 6673, and in the exercise of our discretion we will not impose a sec. 6673 penalty on petitioner. However, we warn petitioner that if in the future he maintains groundless positions in this Court, he runs the risk that he will be sanctioned in accordance with sec. 6673(a)(1).

[5]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform

(continued...)

information.  Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) applies, and the record establishes that he did not satisfy the section 7491(a)(2) requirements. Consequently, petitioner bears the burden of proof as to any disputed factual issue. See Rule 142(a).

Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item.  At trial petitioner disputed that he received any taxable income during the years at issue.  Petitioner admitted, however, that he performed services for and received payment from various companies during the years at issue.  Petitioner also admitted that the information returns reported the correct payment amounts.  Petitioner has not raised any reasonable dispute with respect to the accuracy of the information returns.  We

---

[5](...continued)
the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

conclude that petitioner's attempt to dispute the accuracy of the information returns under these circumstances is not reasonable and that the burden of production with respect to the income did not shift to respondent under section 6201(d).[6]  See, e.g., Carlson v. Commissioner, T.C. Memo. 2012-76; Hyde v. Commissioner, T.C. Memo. 2011-131.

II.    Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived" and includes compensation paid for services, whether furnished by the taxpayer as an employee or as a self-employed person or independent contractor. Section 61(a)(12) includes in gross income "income from discharge of indebtedness".

As noted above, the Commissioner's deficiency determination is normally entitled to a presumption of correctness.  See Bone v. Commissioner, 324 F.3d 1289, 1293 (11th Cir. 2003), aff'g T.C. Memo. 2001-43.  However, when a case involves unreported income and that case is appealable to the U.S. Court of Appeals for the 11th Circuit, as this case appears to be absent a stipulation to the contrary, see sec. 7482(b)(1)(A), the Commissioner's  determination of unreported income is

[6]Even if we were to assume, however, that petitioner's dispute is reasonable, respondent has introduced reasonable and probative evidence that petitioner had unreported taxable income as shown on the information returns.

entitled to a presumption of correctness only if the determination is supported by a minimal evidentiary foundation linking the taxpayer to an income producing activity, see Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636. Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing that the Commissioner's determination is arbitrary or erroneous. Id. at 1549; see also United States v. Janis, 428 U.S. 433, 441-442 (1976).

To satisfy his initial burden of production, respondent introduced into evidence Forms 1099-MISC, a Form 1099-C, and a Form W-2. The records that respondent introduced indicate that petitioner received nonemployee compensation, wages, and cancellation of indebtedness income during the years at issue in the amounts set forth in the notices of deficiency. In addition, petitioner admitted that he provided services and received compensation during the years at issue. We conclude that respondent laid the requisite minimal evidentiary foundation for the contested unreported income adjustments and that respondent's determinations of tax due are entitled to a presumption of correctness.

At trial petitioner argued that the compensation he received is not income subject to Federal taxation. He also asserted that he was not involved in a trade or a

business as defined by the Code.  Petitioner raised no other arguments regarding the accuracy of the information returns.

Petitioner has raised only frivolous and groundless arguments.  The U.S. Court of Appeals for the 11th Circuit has held similar arguments to be frivolous and without merit.  See United States v. Morgan, 419 Fed. Appx. 958, 959 (11th Cir. 2011) (taxpayers' argument that they were not involved in a "trade or business" was frivolous); United States v. Morse, 532 F.3d 1130, 1132-1133 (11th Cir. 2008); Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (taxpayers' arguments that "wages are not income subject to tax" and "only public servants are subject to tax liability" are frivolous).  Petitioner's frivolous and groundless arguments warrant no further discussion.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011).

Petitioner does not dispute that he received nonemployee compensation and wages in the amounts respondent determined.  Petitioner has assigned no error to respondent's determination that he received cancellation of indebtedness income in 2004.  We deem conceded any issue not raised in the assignments of error in the

petition . See Rule 34(b)(4). Because nonemployee compensation, wages, and cancellation of indebtedness income must be included in petitioner's income under section 61, we sustain respondent's determination with respect to deficiencies in tax.

III.    Additions to Tax

If the taxpayer assigns error to the Commissioner's determination that a taxpayer is liable for an addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence with respect to the liability of the taxpayer for the addition to tax. See Higbee v. Commissioner, 116 T.C. at 446-447. To meet his burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to impose the addition to tax. Id. Once the Commissioner meets his burden, the taxpayer must come forward with evidence sufficient to persuade this Court that the determination is incorrect. Id.

Respondent determined that petitioner is liable under section 6651(a)(1) for additions to tax for failure to timely file a return for each year in issue. Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994). A failure to file a timely

Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference toward filing. Boyle, 469 U.S. at 245.

Petitioner did not file timely returns for the years at issue and did not introduce any credible evidence to explain his failure to do so. Consequently, we sustain respondent's determinations as to the section 6651(a)(1) additions to tax.

Respondent also determined that petitioner is liable under section 6651(a)(2) for additions to tax for failure to timely pay tax shown on a return. Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a taxpayer's Federal income tax return on or before the payment due date, unless such failure is due to reasonable cause or willful neglect.[7] The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary. Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has

_____

[7]The sec. 6651(a)(2) addition to tax is 0.5% of the amount of tax shown on the return, with an additional 0.5% per month during which the failure to pay continues, up to a maximum of 25%.

prepared a substitute for return that satisfies the requirements of section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent did not introduce into evidence the substitutes for returns he allegedly prepared for the years at issue. Because respondent has not satisfied his burden of production, we reject his determination as to the section 6651(a)(2) addition to tax. See Voccola v. Commissioner, T.C. Memo. 2009-11; Cabirac v. Commissioner, T.C. Memo. 2008-142.

Respondent also determined that petitioner is liable for additions to tax for failure to pay estimated tax under section 6654. Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.[8] The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c) and (d). Each required installment of estimated tax is equal to 25% of the "required annual payment". Sec. 6654(d). The "required annual payment" is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year), or (2) if the individual filed a return for the immediately preceding taxable

---

[8]Unless a statutory exception applies, the sec. 6654(a) addition to tax is mandatory. See sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

year, 100% of the tax shown on that return. Sec. 6654(d)(1)(A), (B), and (C). A taxpayer has an obligation to pay estimated taxes only if he has a "required annual payment". Wheeler v. Commissioner, 127 T.C. at 212; see also Mendes v. Commissioner, 121 T.C. 308, 324 (2003).

Respondent stipulated that petitioner filed returns for the years at issue. Those returns reported zero income and no income tax liabilities. Consequently, the record does not permit us to conclude that petitioner had any required annual payment for 2004, 2005, 2006, or 2008. We therefore reject respondent's determinations as to the section 6654 additions to tax for the years at issue.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.