T.C. Memo. 2012-232

UNITED STATES TAX COURT

DAVID LOVEN NELSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21102-10.                     Filed August 13, 2012.

David Loven Nelson, pro se.

<u>Horace Crump</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  On June 30, 2010, respondent issued notices of deficiency in which he determined the following deficiencies and additions to tax with respect to petitioner's Federal income tax:

[*2]

|  |  | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2005 | $40,153 | $9,034 | $9,837 | $1,611 |
| 2008 | [1]86,440 | 12,112 | 3,499 | -0- |

[1]In the posttrial memorandum respondent states that petitioner's deficiency for 2008 is $86,444. Respondent appears to have made a typographical error in quantifying the 2008 deficiency.

After concessions,[1] the issues for decision are: (1) whether petitioner had unreported compensation income for the years at issue; (2) whether petitioner is liable for additions to tax under section 6651(a)(1)[2] for 2005 and 2008; and (3) whether the Court should impose a penalty under section 6673(a)(1).

---

[1]In the notice of deficiency for 2005 respondent determined that petitioner had failed to report wages, capital gains, and interest income. In the notice of deficiency for 2008 respondent determined that petitioner had failed to report wages, capital gains, interest income, ordinary dividends, qualified dividends, and gain from the sale or exchange of assets.

In his petition, petitioner assigns error only to respondent's determinations that he received wages of $154,749 and $264,640 in 2005 and 2008, respectively. Ordinarily, we deem conceded any issue not raised in the assignments of error in the petition. See Rule 34(b)(4). This Court concludes that petitioner has conceded the other income adjustments in the notices of deficiency. Respondent also conceded the secs. 6651(a)(2) and 6654 additions to tax for 2005 and the sec. 6651(a)(2) addition to tax for 2008.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

[*3]                    FINDINGS OF FACT

Some of the facts have been deemed established for purposes of this case in accordance with Rule 91(f).[3]  The deemed facts are incorporated herein by this reference.  Petitioner resided in Florida when he filed his petition.

Petitioner began his career as an aviator in the U.S. Navy.  Beginning in 1980 he worked for three different airlines.  During the years at issue he was employed by Northwest Airlines, Inc. (Northwest).  In 2005 he received wages of $154,749 from Northwest.  In 2008 he received wages of $264,640 from Northwest.

Petitioner submitted for filing a Form 1040, U.S. Individual Income Tax Return, for 2005 on March 27, 2006.  On his Form 1040, he reported his occupation as "American citizen".  He reported zero taxable income and requested

---

[3]On March 4, 2011, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f) and attached a proposed stipulation of facts.  By order dated March 15, 2011, this Court ordered that petitioner file a response to respondent's motion in accordance with Rule 91(f)(2).  In response, petitioner submitted a document titled "Petitioner's Objection to Stipulation of Facts", which this Court filed as petitioner's response to our order of March 15, 2011.  Petitioner's response did not comply with Rule 91(f)(2).  Consequently, by order dated March 30, 2011, this Court made (with specified revisions) the order to show cause under Rule 91(f)  absolute and deemed established the facts and evidence set forth in respondent's proposed stipulation of facts.  On April 8, 2011, petitioner filed a motion for relief from stipulations, which this Court denied.

**[\*4]** a refund of a claimed $29,814 overpayment.  He attached to his 2005 return a self-prepared Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., on behalf of Northwest.  On the Form 4852 he reported that Northwest paid him zero wages and that it withheld Federal income tax of $21,787.  Respondent processed petitioner's 2005 Form 1040 and refunded the $29,814 claimed overpayment to him.

Petitioner submitted for filing a Form 1040 for 2008 on May 12, 2009.  On his Form 1040 he reported his occupation as "American Citizen".  He reported zero taxable income and requested a refund of a claimed $25,778 overpayment.  He attached to his 2008 return a self-prepared Form 4852 on behalf of Northwest.  On the Form 4852 he reported that Northwest paid him zero wages and withheld Federal income tax of $17,214.  Respondent did not accept petitioner's 2008 Form 1040 for filing.

On June 30, 2010, respondent issued to petitioner notices of deficiency for 2005 and 2008.  On the basis of the Forms W-2 filed by Northwest respondent determined that petitioner failed to report wages of $154,749 and $264,640 for 2005 and 2008, respectively.  Respondent also determined that petitioner was

[*5] liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for 2005 and 2008.

On September 22, 2010, petitioner filed a petition with this Court contesting respondent's determinations in the notices of deficiency. This Court set this case for trial at the Mobile, Alabama, trial session beginning April 26, 2011. At trial this Court warned petitioner that if he continued to assert frivolous or groundless positions, this Court would consider imposing a penalty under section 6673. In addition, this Court repeatedly told petitioner that any testimony must be directed to relevant factual issues and that this Court would give him an opportunity to make his arguments after the testimony was completed and the evidentiary record was closed. Despite the Court's warnings, petitioner continued to ignore the Court's instructions and assert arguments in lieu of proper testimony. Specifically, he argued that he did not receive wages in 2005 and 2008 because his activities during those years did not satisfy the definition of "employment" in the Code. He also referenced during his testimony various Code sections and regulations that purportedly support his argument. Because he repeatedly violated this Court's express instructions and ignored those instructions after repeated warnings, this Court closed the evidentiary record and removed petitioner from the courtroom.

**[\*6]** Because the Court had informed petitioner that he would be allowed an opportunity to present to the Court his arguments in this case, on May 23, 2012, this Court ordered each party to file a posttrial memorandum of facts and law setting forth each party's factual and legal positions. In his posttrial memorandum, petitioner continues to advance frivolous and groundless arguments, including the following: (1) he is not engaged in "employment", he is not an "employee", and he did not receive "wages", as those terms are defined in the Code; and (2) he is not subject to tax because he did not perform services in "the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa". Petitioner's posttrial memorandum cites numerous authorities, including cases and Code sections, out of context.

## OPINION

I.    Burden of Proof and Burden of Production

Ordinarily, the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with

[*7] the substantiation requirements, and the taxpayer cooperated with the Secretary[4] with regard to all reasonable requests for information. Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioner does not contend that section 7491(a)(1) applies, and the record establishes that he did not satisfy the section 7491(a)(2) requirements. Consequently, petitioner bears the burden of proof as to any disputed factual issue. See Rule 142(a).

Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item. The record establishes that petitioner received $154,749 and $264,640 from Northwest in 2005 and 2008, respectively. In his petition and at trial, petitioner argued only that the payments from Northwest did not constitute "wages" as defined by the

[4]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A)(i).

**[\*8]** Code. Petitioner has raised no reasonable dispute with respect to the accuracy of the information returns. We conclude that petitioner's attempt to dispute the accuracy of the information returns under these circumstances is not reasonable and that the burden of production with respect to the income did not shift to respondent under section 6201(d).[5]  See, e.g., Carlson v. Commissioner, T.C. Memo. 2012-76.

II.     Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived", including "compensation for services, including fees, commissions, fringe benefits, and similar items".  Wages and salaries are compensation for services that are includable in gross income. See sec. 1.61-2(a), Income Tax Regs.

The Commissioner's deficiency determination ordinarily is entitled to a presumption of correctness. See Bone v. Commissioner, 324 F.3d 1289, 1293 (11th Cir. 2003), aff'g T.C. Memo. 2001-43.  However, when a case involves

---

[5]In his pretrial memorandum petitioner argues that the notices of deficiency constitute "naked assessments". See United States v. Janis, 428 U.S. 433, 441 (1976).  The presumption of correctness does not apply and the burden of proof shifts to the Commissioner when he fails to make a determination and issues a "'naked' assessment without any foundation whatsoever". Id. The record establishes that petitioner received payments from Northwest in 2005 and 2008. The notices of deficiency are adequately supported and are not "naked assessments", and therefore the burden of proof did not shift to respondent. See Gale v. Commissioner, T.C. Memo. 2002-54.

**[*9]** unreported income, the U.S. Court of Appeals for the Eleventh Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), has held that the Commissioner's determination of unreported income is entitled to a presumption of correctness only if the determination is supported by a minimal evidentiary foundation linking the taxpayer to an income-producing activity, see Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636. Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the presumption of correctness applies and the burden of production shifts to the taxpayer to rebut that presumption by establishing that the Commissioner's determination is arbitrary or erroneous. Id. at 1549; see also United States v. Janis, 428 U.S. 433, 441-442 (1976).

The record establishes, and petitioner has conceded, that he received payments as reported by Northwest on Forms W-2 for the years at issue. We conclude that respondent laid the requisite minimal evidentiary foundation for the contested unreported income adjustments and that respondent's determinations of tax due are entitled to a presumption of correctness.

At trial petitioner argued that the compensation amounts he received are not wages and that he was not engaged in any "employment" activity, as that term is

**[*10]** defined in the Code. In his posttrial memorandum petitioner continues to advance these same arguments. Petitioner also argues that his compensation income is not subject to tax because he did not perform services within "the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, or American Samoa". Petitioner raised no other arguments regarding the accuracy of the information returns.

Petitioner has raised only frivolous and groundless arguments. The U.S. Court of Appeals for the Eleventh Circuit has held similar arguments to be frivolous and without merit. See United States v. Morgan, 419 Fed. Appx. 958, 959 (11th Cir. 2011) (taxpayers' arguments concerning the definitions of "employment" and "wages" were frivolous and without merit); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987); Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986); Biermann v. Commissioner, 769 F.2d 707, 708 (11th Cir. 1985); Waters v. Commissioner, 764 F.2d 1389, 1390 (11th Cir. 1985); see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548-549 (9th Cir. 1989). Petitioner's frivolous and groundless arguments warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and

**[\*11]** copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); <u>Wnuck v. Commissioner</u>, 136 T.C. 498, 512 (2011).

Petitioner admitted that he provided services and received compensation income during the years at issue. Because wages must be included in petitioner's income under section 61, we sustain respondent's determination with respect to the deficiencies in tax.

III. <u>Additions to Tax Under Section 6651(a)(1)</u>

Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any penalty, addition to tax, or additional amount. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447. To meet his burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to impose the addition to tax. <u>Id.</u> Once the Commissioner meets his burden, the taxpayer must come forward with evidence sufficient to persuade this Court that the determination is incorrect. <u>Id.</u>

Respondent determined that petitioner is liable under section 6651(a)(1) for additions to tax for failure to timely file a valid return for 2005 and 2008.[6] Section

---

[6]Petitioner gave no indication in his pleadings or at trial that he contested the sec. 6651(a)(1) additions to tax. However, respondent addressed the additions to tax in his posttrial memorandum of facts and law. Accordingly, this Court deems this issue tried by consent and will consider it. <u>See</u> Rule 41(b).

**[*12]** 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994). A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference toward filing. Boyle, 469 U.S. at 245.

To be considered as having filed a return, a taxpayer must have filed a valid return. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). Under Beard v. Commissioner, 82 T.C. at 777, a valid return is one that (1) contains sufficient data to calculate a tax liability, (2) purports to be a return, (3) represents an honest and reasonable attempt to satisfy the requirements of the tax law, and (4) is executed by the taxpayer under penalties of perjury. A taxpayer who files a document that purports to be a Federal income tax return but which contains only zeros on the relevant lines has not filed a valid return because it does not contain sufficient information for the Commissioner to calculate and

**[\*13]** assess a tax liability.  See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Hamilton v. Commissioner, T.C. Memo. 2009-271.

Respondent introduced into evidence petitioner's 2005 and 2008 Forms 1040 on which petitioner reported zero taxable income.  Respondent also introduced deemed stipulations that petitioner had income from various sources including wages in amounts sufficient to require the filing of returns and that petitioner failed to file valid returns for 2005 and 2008.  See Cabirac v. Commissioner, 120 T.C. at 168-169.  Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c), and petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is in error.  Petitioner did not introduce any evidence to prove that he is not liable for the additions to tax or that he had reasonable cause for his failure to timely file his returns.  Accordingly, we sustain respondent's determination as to the section 6651(a)(1) additions to tax for 2005 and 2008.

IV.    Penalty Under Section 6673(a)(1)

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that:  (1) the proceedings were instituted or maintained by the taxpayer primarily for delay, (2) the taxpayer's position is frivolous or groundless, or (3) the taxpayer unreasonably

**[*14]** failed to pursue available administrative remedies. A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Throughout these proceedings, petitioner repeatedly argued that he was not an "employee" and that he did not receive "wages" as those terms are defined by the Code. As noted supra pp. 9-10, these arguments are contrary to well-established law and are frivolous. At trial petitioner did not testify regarding any disputed factual matters, and he persisted in asserting his frivolous and groundless arguments. Although this Court provided ample warning of the potential implications of continuing to assert those frivolous and groundless arguments, petitioner did not abandon his arguments or acknowledge his liability for income tax on the income he received during 2005 and 2008. Instead, petitioner continued to assert these arguments at trial and in his posttrial memorandum.

Although respondent did not move for the Court to impose a penalty pursuant to section 6673, this Court believes that petitioner's conduct deserves an appropriate sanction under section 6673. Accordingly, we shall require petitioner to pay to the United States a penalty under section 6673(a)(1) of $2,000. In

**[\*15]** addition, we warn petitioner that if in the future he maintains frivolous and groundless positions in this Court, this Court may impose a penalty of up to $25,000 under section 6673(a)(1).

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.