DONALD M. MIDDLEBROOKS, UNITED STATES DISTRICT JUDGE
*1378 THIS MATTER comes before the Court upon the United States' Motion for Default Judgment ("Motion") against Defendant Stephen Wise, as Trustee for the Rosemarie Curtenius Residential Trust ("Defendant"), filed on January 19, 2018. (DE 23). On September 15, 2017, the Clerk of the Court entered default against Defendant Wise after his failure to answer or otherwise defend the action after being personally served with process on August 10, 2017. (DE 17). As of this date, no answer, motion, or other responsive pleading has been filed and the time to do so has lapsed. The United States' complaint seeks to reduce to judgment the unpaid federal tax liabilities assessed against Rosemarie Ross prior to her death and to foreclose federal tax liens on real property that belonged to Ross but that she transferred to the Rosemarie Curtenius Residential Trust without adequate and full consideration. For reasons stated below, the United States' Motion is granted.
STANDARD
Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer , 218 Fed.Appx. 860, 863 (11th Cir. 2007). A "default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp. , 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).
If the complaint states a claim, the court must then determine the amount of damages and, if necessary, "may conduct hearings ... to ... determine the amount of damages." Fed. R. Civ. P. 55(b)(2). "Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.' " Adolph Coors Co. v. Movement Against Racism and the Klan , 777 F.2d 1538, 1543-44 (11th Cir. 1985) (quoting United Artists Corp. v. Freeman , 605 F.2d 854 (5th Cir. 1979)[1] ).
DISCUSSION
As set forth in the complaint, on May 22, 2006, the United States assessed trust fund recovery penalties against Rosemarie Ross arising out of her role as CEO, President, and sole shareholder/officer of Wise Temporaries, Inc. during the first and second quarters of 2005. The assessments were based on the Form 941 return signed and filed by Rosemarie Ross for Wise Temporaries, Inc. for the first quarter of 2005, which showed the amount of tax due and that insufficient federal withholding deposits had been made. (Compl. ¶¶ 11, 12.)
These assessments are presumed correct. Welch v. Helvering , 290 U.S. 111, 114-15, 54 S.Ct. 8, 78 L.Ed. 212 (1933) ;
*1379 United States v. Morgan , 419 Fed.Appx. 958, 959 (11th Cir. 2011). Moreover, a non-taxpayer cannot challenge the tax liabilities of another. Moyer v. Mathas , 458 F.2d 431, 434 n. 4 (5th Cir. 1972) (noting the general rule that tax assessments are not open to collateral attack by non-taxpayers). For this reason, this non-taxpayer defendant could not challenge the tax liabilities at issue in this action, which were assessed against another individual.
Since the assessments and notice and demand for payment, neither Rosemarie Ross nor her estate has made payment on her delinquent tax account. The literal transcripts maintained by the IRS show that the unpaid balance of penalty and interest for these years is $597,173.71, plus fees and statutory additions thereon as provided by law from December 31, 2017. (DE 23, Ex. A, Decl. of Amount Due, ¶ 11).
The above-described assessments resulted in tax liens arising against all property and rights to property of Rosemarie Ross on the date of assessment under 26 U.S.C. § 6321, and the Court is authorized to order those liens foreclosed and property of the taxpayer sold under 26 U.S.C. § 7403.
On October 30, 2002, Rosemarie Rose and her then husband Alfred Curtenius purchased the real property located at 5720 SE Miles Grant Road, Stuart, Florida 34997 ("Grant Road Property") as tenants by the entireties. Alfred Curtenius died on May 6, 2004, and exclusive ownership of the Grant Road Property vested in Rosemarie Ross on that date as a matter of law. (Compl. ¶ 19).
By quit claim deed recorded in the Martin County land records on December 4, 2007, Rosemarie Ross conveyed legal title to the Grant Road Property to Stephen Wise and James B. Ross, Rosemarie Ross's son and husband, as Trustees of the Rosemarie Curtenius Residential Trust, a sham trust and nominee entity. James B. Ross has since died, leaving Stephen Wise as the sole trustee. (Compl. ¶ 20). The documentary stamps on the quit claim deed show that only nominal consideration was paid for the property. (Compl. ¶ 21). Generally, the transfer of property subject to a tax lien under 26 U.S.C. § 6321 is made subject to the tax lien. United States v. Bess , 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). In order to defeat the federal tax lien, defendant would have had to achieve the status of "purchase" as that term is defined by the Internal Revenue Code, but the lack of adequate and full consideration supporting the transfer prevents the defendant from obtaining this status. 26 U.S.C. §§ 6323(a) and (h)(6). It necessarily follows that the transfer of the Grant Road Property to the Rosemarie Curtenius Residential Trust is subject to the tax lien.
The factual assertions in the complaint establish that the penalty and interest at issue were properly assessed and have not been paid. The complaint also establishes that the taxpayer owned the Grant Road Property exclusively in 2006, when the assessment was made, and then transferred title afterward to the defendant without consideration, with the tax liens following the property. These allegations are sufficient to withstand a motion to dismiss. Thus, final default judgment against Stephen Wise, as Trustee of the Rosemarie Curtenius Residential Trust is warranted. Accordingly, it is hereby
ORDERED AND ADJUDGED that The United States' Motion for Default Judgment against Stephen Wise, as Trustee of the Rosemarie Curtenius Residential Trust (DE 23) is GRANTED . Final default judgment against Defendant Stephen Wise as Trustee of the Rosemarie Curtenius Residential Trust will be entered by separate order.
*1380 DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24 day of January, 2018.

The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard , 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).