T.C. Memo. 2011-131

UNITED STATES TAX COURT

PATRICIA LOUISE HYDE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25406-08.                    Filed June 14, 2011.

Patricia Louise Hyde, pro se.

Dessa J. Baker-Inman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  Respondent determined a Federal income tax
deficiency of $6,941 and a section 6662[1] accuracy-related penalty
of $1,388 with respect to petitioner's 2005 taxable year and

---

[1]All section references are to the Internal Revenue Code in
effect for the year at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

reflected those determinations in a notice of deficiency dated July 21, 2008. Petitioner timely petitioned this Court to contest respondent's determinations.

The issues for decision[2] are as follows:

(1) Whether petitioner received nonemployee compensation of $29,791 that she did not report on her 2005 income tax return; and

(2) whether petitioner is liable for the section 6662 penalty for 2005.

In her petition, petitioner alleged that she rescinded her 2005 return before respondent mailed the notice of deficiency to her. She also raised a plethora of other issues that we will not address in this opinion because they are frivolous. See Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (quoting Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)).

FINDINGS OF FACT

A few of the relevant facts have been stipulated. We incorporate the stipulation of facts into our findings by this reference. When the petition was filed, petitioner resided in Arkansas.

---

[2]The notice of deficiency adjusted Schedule A, Itemized Deductions, and the Lifetime Learning Credit, imposed self-employment tax on the nonemployee compensation, and allowed a deduction for one-half of the self-employment tax. These are either computational adjustments or matters that were not challenged by petitioner and thus need not be decided herein.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2005. On that return she reported wages of $38,127, taxable interest of $25, ordinary dividends of $1,768, a taxable refund of $738, and a $3,000 capital loss. Petitioner did not report any self-employment income.

By CP2000 Notice dated June 18, 2007, respondent notified petitioner that she did not include on her 2005 return $29,791 of nonemployee compensation reported by a third-party payor, Ally Apparel Resources L.L.C. (Ally Apparel), on a Form 1099-MISC, Miscellaneous Income. In the CP2000 Notice, respondent proposed changes to petitioner's 2005 return that included increasing petitioner's income by $29,791, reducing her Schedule A deductions and a Lifetime Learning Credit to reflect the additional income, imposing self-employment tax on the additional income, and allowing a deduction for one-half of the self-employment tax. The notice notified petitioner that the resulting tax increase was $9,433 and proposed the imposition of a penalty under section 6662(a).

Petitioner responded to the CP2000 Notice dated June 18, 2007, through a mailing that respondent received on July 20, 2007. In that mailing petitioner stated that she did not agree with some of the changes, and she included a Schedule C, Profit or Loss From Business, for 2005 and other documents explaining her disagreement. On the Schedule C petitioner reported gross

receipts of $29,791, expenses of $8,394 (including $221 for the business use of her home), and a net profit of $21,397. Petitioner calculated that she owed additional tax for 2005 of $6,179, which included self-employment tax of $3,023, and she enclosed a check for $6,179.

By CP2000 Notice dated November 13, 2007, respondent notified petitioner that he agreed with her position. The November 13, 2007, notice reflected a revised 2005 tax increase of $6,941, a section 6662(a) penalty of $1,388, and interest of $961, for a total proposed liability, after application of the earlier $6,179 payment, of $3,111. Petitioner responded to the November 13, 2007, notice in a mailing that respondent received on December 13, 2007. In that mailing petitioner stated that she had not had time "to properly review all records and documents" and that she did not know whether she agreed or disagreed with the tax liability reflected in the notice. However, she enclosed a check for $3,111, to avoid additional penalties and interest. She stated that "Once a review is completed we will file a proper amended return."

In a letter dated January 25, 2008, respondent responded to petitioner's mailing. Respondent stated in the January 25, 2008, letter, in pertinent part, as follows:

> You do not need to file an amended return. If you will send us the correct information on Schedule C and Schedule SE, we will make all necessary changes for you and send a corrected notice to you. * * *

> We need your signature on the "Consent to Tax Increase"
> at the end of this letter to complete our action on
> your tax account.  Please sign the consent and send it
> to us. * * *

> If you don't agree with our proposed changes, please
> write to us and tell us why. * * *

On February 19, 2008, petitioner sent a response that asked respondent to provide the law that shows petitioner is liable for any tax and an explanation of how the tax is to be lawfully calculated.

Respondent sent another CP2000 Notice to petitioner.  The notice was dated April 14, 2008, and showed a balance due of zero.  In a mailing sent on May 14, 2008, petitioner notified respondent that she was rescinding her 2005 return and was demanding a refund of $9,625.[3]  Additional correspondence between petitioner and respondent followed.  On July 21, 2008, respondent mailed to petitioner a notice of deficiency for 2005 in which respondent determined that petitioner had failed to report nonemployee compensation of $29,791, that petitioner was entitled to $8,394 of business expense deductions, and that petitioner was liable for a deficiency of $6,941 and a section 6662(a) penalty of $1,388.

---

[3]The $9,625 tax refund claimed presumably included the payments of $6,179 and $3,111 and the tax of $330 reported on petitioner's original 2005 return.  There is a $5 difference that the record does not explain.

Petitioner timely petitioned this Court to contest respondent's determination. A trial was held. We ordered posttrial briefing, and both parties submitted briefs in accordance with our order. Thereafter, by order dated March 30, 2011, we directed the parties to submit supplemental briefs addressing whether this Court has jurisdiction over this case because, before the notice of deficiency was mailed, petitioner had sent remittances sufficient to fully pay the $6,941 deficiency determined therein.

In response to the order, both parties filed supplemental briefs. In his supplemental brief, respondent acknowledged that petitioner remitted $6,179 and $3,111 before he mailed to petitioner the notice of deficiency dated July 21, 2008. Respondent contends, however, that, while he posted the remittances to petitioner's 2005 income tax account, he did not assess these amounts. Respondent requests the following finding:

> The petitioner's first remittance of $6,179 did not fully pay the deficiency respondent proposed for taxable year 2005, the petitioner's second remittance of $3,111 was a deposit under I.R.C. § 6603 and not a payment of tax, and therefore the Court has jurisdiction in this case.

In petitioner's supplemental brief, she agrees that she made the remittances in 2007 before respondent mailed the notice of deficiency dated July 21, 2008, she objects to the above-quoted requested finding of fact, and, citing Commissioner v. Lundy, 516 U.S. 235 (1996), she contends that we have jurisdiction under

section 6512(b)(3) to determine and refund the overpayment she contends she made. Petitioner does not dispute respondent's requested findings of fact that respondent did not treat the remittances as payments of tax and that respondent did not assess the amounts of the remittances as deficiencies. We so find.

OPINION

I. Jurisdiction

The Tax Court is a court of limited jurisdiction, and it may exercise its jurisdiction only to the extent authorized by statute. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420 (1943). This Court is authorized to redetermine the amount of a deficiency for a taxable period as to which the Commissioner issued a notice of deficiency and the taxpayer timely petitioned the Court for review. See secs. 6212, 6213, and 6214. This Court also has jurisdiction to determine the amount of any overpayment a taxpayer made for a year that is properly before the Court on a petition to redetermine a deficiency. Sec. 6512(b)(1). If the Court determines that there is an overpayment and further determines the amount of the overpayment that is refundable in accordance with section 6512(b)(3), the overpayment amount thus determined "shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer." Sec. 6512(b)(1).

Section 6211(a) defines an income tax deficiency as the amount by which the tax imposed under the income tax provisions of the Code exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon * * * [her] return, * * * plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates * * * made.

In the notice of deficiency dated July 21, 2008, respondent determined that petitioner was liable for a $6,941 deficiency and a section 6662(a) penalty of $1,388. However, petitioner mailed to respondent remittances of $6,179 and $3,111 in 2007, which respondent received and posted to petitioner's 2005 account but did not treat as payments or assess as deficiencies before the notice of deficiency was mailed to petitioner.

Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989). Ordinarily, we will not look behind the notice of deficiency to examine the circumstances surrounding the determination. See Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Instead, we conduct a proceeding de novo and redetermine a taxpayer's tax liability on the basis of the evidence presented during the deficiency proceeding, not on whatever record was developed at

the administrative level before the notice of deficiency was issued. See <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327-328 (1974). "It is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." <u>Hannan v. Commissioner</u>, 52 T.C. 787, 791 (1969).

Respondent treated petitioner's remittances as deposits and not payments. Respondent did not assess additional tax equal to the amounts of the remittances as a deficiency before issuing the notice of deficiency. Petitioner does not dispute these facts. Respondent determined a deficiency of $6,941 for 2005, and we have jurisdiction.

II.  <u>Burden of Proof and Burden of Production</u>

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer ordinarily bears the burden of proving that the Commissioner's determinations are in error. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). If, however, a taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability, the burden of proof on any such issue shifts to the Commissioner, but only if the taxpayer has complied with the requirements of section 7491(a)(2). Sec. 7491(a)(1) and (2).

Petitioner does not contend that section 7491(a) applies, nor has she established that the requirements of section 7491(a)(2) have been met. Consequently, petitioner bears the burden of proof as to any disputed factual issue. See Rule 142(a).

Under section 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative information, in addition to the information return, concerning the deficiency attributable to the income item. At trial petitioner disputed that she received any income from Ally Apparel, the entity that issued the Form 1099-MISC reporting the income at issue. Petitioner admitted, however, that she received $29,791, the amount shown on the Form 1099-MISC, during 2005 from an entity she identified at trial as Texport. In addition, petitioner submitted a Schedule C for 2005 to respondent in response to the CP2000 Notice dated June 18, 2007, in which she admitted receiving the funds. Although the record does not clarify why Ally Apparel issued the Form 1099-MISC nor disclose the relationship of Ally Apparel to Texport, the unclarified corporate relationship does not change the fact that petitioner has admitted receiving $29,791 of nonemployee income, which she was obligated to report on her 2005 return but

did not.  We conclude that petitioner's attempt to dispute the accuracy of the Form 1099-MISC under these circumstances is not reasonable and that the burden of production with respect to the income does not shift to respondent under section 6201(d).

III. Unreported Nonemployee Compensation

Section 61 defines gross income as "all income from whatever source derived" and includes compensation paid for services, whether furnished by the taxpayer as an employee or as a self-employed person or independent contractor.  See sec. 61(a).

Petitioner admitted that she provided services to Texport during 2005 for which she was paid $29,791.  Because this compensation must be included in petitioner's income for 2005 under section 61, we sustain respondent's determination.

IV.  Petitioner's Attempt To Rescind Return

Petitioner's position that she is not liable for any Federal income tax for 2005 and that she is entitled to a refund focused on her misguided attempt in 2008 to avoid liability for Federal income tax by rescinding her 2005 return.  Petitioner never fully explained her position but appears to believe that rescinding her 2005 return thereby imposes on respondent the obligation to prove that she is liable for tax.

Neither the Internal Revenue Code nor the regulations promulgated thereunder, which are the sources of a taxpayer's

obligation to file an annual income tax return,[4] contain any provision permitting a taxpayer to rescind a filed income tax return.  Moreover, petitioner failed to prove that she overpaid her 2005 tax liability and that she was entitled to a refund.  We reject petitioner's argument as meritless.

V.   Section 6662 Penalty

Section 6662(a) and (b) authorizes the imposition of a 20-percent penalty on the portion of an underpayment that is attributable, among other things, to a substantial understatement of income tax or to negligence or disregard of rules or regulations.  Respondent alleges that petitioner is liable for the section 6662 penalty because the underpayment was attributable to either a substantial understatement of income tax or to negligence.

A substantial understatement of income tax exists if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(d)(1)(A).  The term "understatement" means the excess of the amount required to be shown on the return for the taxable year over the amount of tax imposed that is shown on the return, reduced by any rebate.  Sec. 6662(d)(2)(A).  The amount of the understatement is reduced by that portion of the understatement

---

[4]See, e.g., secs. 6012-6014; sec. 1.6012-1, Income Tax Regs.; sec. 301.6012-1, Proced. & Admin. Regs.

that is attributable to (1) the tax treatment of any item if there is or was substantial authority for such treatment, or (2) any item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is a reasonable basis for the taxpayer's tax treatment of the item.  Sec. 6662(d)(2)(B).

The term "negligence" as used in section 6662 refers to any failure on the part of the taxpayer to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c).  The term "disregard" includes any careless, reckless, or intentional disregard.  Id.

A taxpayer may avoid liability for the section 6662 penalty imposed because of the taxpayer's negligence or substantial understatement of income tax if the taxpayer demonstrates that the taxpayer had reasonable cause for the underpayment and that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor in determining reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper tax liability.  Id.

A taxpayer may establish reasonable cause and good faith within the meaning of section 6664(c) if the taxpayer

demonstrates that he or she reasonably relied in good faith on the informed advice of an independent professional adviser as to the proper tax treatment of an item. <u>Id.</u> The taxpayer must show that: (1) The adviser was a competent and qualified professional who had sufficient expertise to justify the taxpayer's reliance on him, (2) the taxpayer provided all necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment in deciding on the proper tax treatment of the item. See <u>Neonatology Associates, P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Under section 7491(c), the Commissioner has the initial burden of production with respect to any penalty, addition to tax, or additional amount and must introduce evidence that it is appropriate to impose the section 6662 penalty on the taxpayer to satisfy that burden of production. Once the Commissioner has satisfied his initial burden of production, the taxpayer must then come forward with evidence sufficient to persuade us that the Commissioner's determination is incorrect. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-449 (2001). The taxpayer bears the burden of proving that he or she is not liable for the section 6662 penalty. The Commissioner need not produce evidence regarding whether a taxpayer is entitled to relief from the penalty under section 6664(c). The taxpayer must raise that

issue and carry the burden of proof with respect to it.  Id. at 446.

Respondent satisfied his initial burden of production under section 7491(c) by introducing evidence that petitioner received nonemployee compensation of $29,791 but failed to report that income on her 2005 return.  Petitioner then had the obligation to show that the section 6662 penalty did not apply.  Petitioner made no such showing.

Petitioner testified that she performed services for which she was paid $29,791, and she does not dispute that she failed to include that income on her 2005 return.  Petitioner argued that she did not know Ally Apparel and seemed to contend that, because she did not receive the money from Ally Apparel, she could ignore the Form 1099-MISC Ally Apparel issued even though she knew that she had received the income.  Petitioner also contended that she did not receive the Form 1099-MISC (or at least that she did not receive a Form 1099-MISC that covered the unreported compensation) and that, therefore, she did not have to report the nonemployee compensation she received.

We do not find credible any testimony that suggests petitioner did not receive the Form 1099-MISC.  The record supports a finding that petitioner received the Form 1099-MISC but chose to ignore it because the name of the issuer did not match the name of the company for which she worked, and we so

find.  Regardless of whether petitioner received the Form 1099-MISC, however, petitioner deliberately failed to include income she knew she had received on her 2005 return.  That failure was negligent at best and justifies the imposition of the section 6662 penalty.

We turn to the issue of reasonable cause and good faith under section 6664(c).  At one point during the trial, petitioner testified that she relied on her return preparer for the position that the nonemployee compensation did not have to be reported on her 2005 return.  When pressed by the Court, however, petitioner claimed that she could not recall whether she told the preparer she had actually received the income or whether she simply told him that she did not get a Form 1099-MISC with respect to the income.

Petitioner's testimony was insufficient to satisfy her burden of proving that she reasonably relied on professional advice with respect to the unreported nonemployee compensation income she received in 2005.  Petitioner offered no other testimony to prove that she had reasonable cause for her failure to report the income, and she certainly did not prove that she acted in good faith.  Consequently, we sustain respondent's determination that petitioner is liable for the section 6662 penalty.

VI. <u>Conclusion</u>

We have considered all of the arguments raised by either party, and to the extent not discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.