T.C. Memo. 2013-264

UNITED STATES TAX COURT

JOHN LEWIS HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 221-10, 15501-10.          Filed November 19, 2013.

John Lewis Hill, pro se.

<u>Anne M. Craig</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  In these consolidated cases respondent determined deficiencies in petitioner's Federal income tax and additions to tax under sections 6651(a)(1) and (2) and 6654[1] as follows:

_____

[1]Unless otherwise indicated, all statutory references are to the Internal

(continued...)

**[*2]**                                                      Additions to tax

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------------|-----------------|-----------|
| 2006 | $18,916 | $4,256 | $3,216 | $895 |
| 2007 | 117,297 | 26,392 | 9,970 | 5,339 |

In amendments to answers respondent asserted increased deficiencies and

increased additions to tax as follows:

                                                             Additions to tax

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------|-----------------|-----------------|-----------|
| 2006 | $107,802 | $27,423 | -0- | $2,781 |
| 2007 | 285,784 | 71,446 | -0- | 13,007 |

After concessions,[2] the issues for decision are: (1) whether petitioner is liable for

Federal income tax deficiencies for 2006 and 2007; (2) whether petitioner is liable

for additions to tax under sections 6651(a)(1) and 6654; and (3) whether petitioner

---

[1](...continued)
Revenue Code (Code) in effect for the years at issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure. All monetary amounts are
rounded to the nearest dollar.

[2]For 2006 respondent concedes that: (1) petitioner is not liable for the
addition to tax under sec. 6651(a)(2); (2) petitioner is not liable for the addition to
tax under sec. 6654; (3) petitioner's short-term capital gain was $662; and (4)
petitioner did not receive $1,760 in nonemployee compensation income. For 2007
respondent concedes the addition to tax under sec. 6651(a)(2).

**[*3]** is liable for a penalty under section 6673 for instituting proceedings primarily for delay or for asserting frivolous or groundless positions.

FINDINGS OF FACT

Some of the facts have been deemed established for purposes of these cases pursuant to Rule 91(f). These facts are incorporated herein by this reference. Petitioner resided in Florida when he petitioned this Court.

I.     Petitioner's Business Activities

During the years at issue petitioner was self-employed as a hearing aid specialist. He ordered and sold hearing aids, performed hearing tests, and fitted and adjusted hearing aids for customers. Petitioner performed his hearing aid activities through his sole proprietorship, Precision Hearing Aid Center (Precision Hearing).[3] Precision Hearing was in St. Cloud, Florida.

Through Precision Hearing petitioner received medical payment income that was reported to respondent on third-party information returns for both 2006 and 2007. In 2006 petitioner received $5,581 in medical payment income from Blue Cross & Blue Shield of Florida, Inc. In 2007 petitioner received medical payment

---

[3]Precision Hearing Aid Center was also known as Precision Hearing Aid System. We refer to Precision Hearing Aid Center and Precision Hearing Aid System as Precision Hearing.

[*4] income of $1,600 from Citrus Health Care, $5,886 from United Healthcare

Insurance Co., and $747 from Blue Cross & Blue Shield of Florida, Inc.

Respondent analyzed petitioner's bank deposits to determine petitioner's

unreported business income for 2006 and 2007. Petitioner maintained accounts at

Bank of America and Washington Mutual. These accounts included an account in

the name of Precision Hearing. Receipts from petitioner's hearing aid business

were generally deposited into the Precision Hearing account or one of petitioner's

other two accounts. In total petitioner deposited business receipts of $209,331 and

$279,600 in 2006 and 2007, respectively.[4]

## II.    Investment Accounts

Petitioner maintained investment accounts at TD Ameritrade and ADM

Investor Services, Inc. (ADM), during the years at issue. In 2006 petitioner

received $36,388 from the sale of stocks and bonds through Ameritrade and

---

[4]Petitioner does not dispute the amount of the gross deposits or taxable deposits as determined by respondent's bank deposits analysis. Petitioner assigns error only to the characterization of the deposits as subject to Federal income tax.

Respondent initially determined that petitioner made gross deposits of $269,739 in 2006 and $428,654 in 2007. Respondent introduced the revised bank deposits analysis detailed above at trial. Petitioner did not object to the introduction of the revised untimely bank deposits analysis in part because the revised bank deposits analysis reduced his taxable receipts.

[*5] $14,738 in income from ADM.[5]  In 2007 petitioner received, through Ameritrade, $389,367 from the sale of stocks and bonds, $1,050 in dividend income, and $13 in interest income.

III.    Petitioner's Returns and Notices of Deficiency

On January 21, 2009, respondent received petitioner's Forms 1040, U.S. Individual Income Tax Return, for 2006 and 2007.  With the exception of lines 40 and 41 (showing the standard deduction as a positive amount and a negative amount, respectively) and line 42 (showing the exemption amount), each line on petitioner's Forms 1040 was either blank or filled in with a zero.  Petitioner reported taxable income of zero for each year and did not make any tax payments for either of the years at issue.

---

[5]Respondent introduced into evidence substitute Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, which showed petitioner had income of $14,738 from ADM in 2006.  On November 1, 2011, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f).  Included in respondent's facts at paragraph 9 was a proposed finding that petitioner earned $14,743 in income from ADM in 2006.  By order dated January 10, 2012, this Court deemed established the facts and evidence set forth in respondent's motion to show cause.  We resolve the discrepancy in petitioner's income from ADM in 2006 by treating $14,738 as petitioner's income in accordance with Form 1099-B.

**[\*6]** Petitioner attached to each of his 2006 and 2007 Forms 1040 a document purporting to "correct" to zero the amounts on certain Forms 1099.[6] The documents attached to petitioner's Forms 1040 included the following statement:[7]

> The purpose of this document is to rebut and correct payments made to myself, John L. Hill, by third party "PAYERS" for the year[s] 2006 [and 2007] that <u>erroneously</u> allege "gains, profit, or income" made in the course of a "trade or business" as the term "trade or business" is defined under Section 7701(a)(26), "income" for the purpose of an "income tax," or "gross income" for the purpose of an "income tax." The corrected amounts indicate the proper amount of "gains, profit, or income" made in the course of a "trade or business" as the term "trade or business" is defined under Section 7701(a)(26), "income" for the purpose of an "income tax," or "gross income" for the purpose of an "income tax" paid to me, the "RECIPIENT," by those third party "PAYERS."

Respondent determined that petitioner's 2006 and 2007 Forms 1040 were not valid returns and issued a notice of deficiency dated April 7, 2010, for 2006, and a notice of deficiency dated October 19, 2009, for 2007. Respondent increased the

---

[6]The document attached to petitioner's 2006 return purported to correct Form 1099-MISC, Miscellaneous Income, filed by Blue Cross & Blue Shield of Florida, Inc.; Form 1099-B filed by ADM; and Consolidated Form 1099-INT-DIV-MISC-OID-1099B filed by Ameritrade. The document attached to petitioner's 2007 return purported to correct Forms 1099-MISC filed by United Health Care Insurance Co., Blue Cross & Blue Shield of Florida, Inc., and Citrus Health Care; and Consolidated Form 1099 filed by Ameritrade.

[7]Petitioner also attached to both his 2006 and 2007 returns a letter in which he objected to having to file a Form 1040 and questioned respondent's authority to request a Form 1040.

**[\*7]** deficiencies for 2006 and 2007 in amendments to answers on the basis of petitioner's bank deposits.

OPINION

I.    Burden of Proof

Ordinarily, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the Commissioner raises a new issue or seeks an increase in the deficiency, the Commissioner bears the burden of proof as to the new issue or increased deficiency.  See Rule 142(a)(1).

The record establishes, and petitioner concedes, that he received (1) payments for services as a hearing aid specialist, (2) certain interest and dividend income, and (3) proceeds from the sale of stock.  Petitioner does not dispute respondent's determinations of the amounts of his taxable income.  He disputes only the characterization of these payments as taxable income.[8]  Because petitioner

---

[8]Petitioner disputed the accuracy of certain Forms 1099 in his petitions and at trial.  Under sec. 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item.

(continued...)

[*8] raises only legal issues, we decide whether he is liable for the deficiencies at issue without regard to the burden of proof.[9]

## II.    Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived", including interest income, gains from dealings in property, and compensation paid for services, whether furnished by the taxpayer as an employee, a self-employed person, or an independent contractor.  See sec. 61(a)(1), (3), and (4); Commissioner v. Glenshaw Glass Co., 38 U.S. 426, 431 (1955).[10]  Petitioner

---

[8](...continued)
Petitioner admitted that he performed services for, and received medical payments from, the various health care companies for which respondent received Forms 1099 during the years at issue.  Petitioner also admitted that the information returns respondent received reported the correct payment amounts.  Petitioner has not raised any reasonable dispute with respect to the accuracy of the information returns.  We conclude that petitioner's attempt to dispute the accuracy of the information returns under these circumstances is not reasonable under sec. 6201(d).  See, e.g., Carlson v. Commissioner, T.C. Memo. 2012-76; Hyde v. Commissioner, T.C. Memo. 2011-131.

[9]Respondent, however, bears the initial burden of production with respect to the additions to tax.  See sec. 7491(c); infra p. 11.

[10]A taxpayer must maintain books and records establishing the amount of his or her gross income.  Sec. 6001.  If a taxpayer fails to maintain the required books and records, the Commissioner may determine the taxpayer's income by any method that clearly reflects income.  See sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989).  The bank deposits method is a permissible method of reconstructing income.  Clayton v. Commissioner, 102 T.C. 632, 645 (1994); see

(continued...)

[*9] contends that the income he received from his hearing aid business is not income subject to Federal taxation. Likewise, petitioner contends that his interest income, dividend income, and stock sale proceeds are not subject to Federal taxation.

Petitioner supports his position by contending, among other things, that he was not involved in a trade or business as defined by the Code. Petitioner defines a trade or business to include only the performance of the function of a public office and not his private sector activities for which he received only private sector money. Petitioner therefore asserts that the amounts he received from all third-party payors are not gain or profit from a trade or business as defined in section 7701(a)(26), taxable income, or gross income. Petitioner also contends that (1) he is not a person statutorily made liable for the income tax, (2) the income tax is an excise tax, (3) he did not have income within the meaning of the Sixteenth Amendment, and (4) the income tax does not apply to the receipts of all American citizens.

---

[10](...continued)
also Dodge v. Commissioner, 981 F.2d 350, 353 (8th Cir. 1992), aff'g in part, rev'g in part 96 T.C. 172 (1991). Petitioner did not maintain books and records sufficient to establish his gross income from his hearing aid business. Consequently, respondent's bank deposits analysis was a permissible method for reconstructing petitioner's business income.

**[*10]**  Without exception, petitioner has raised only frivolous and groundless arguments.[11]  The U.S. Court of Appeals for the Eleventh Circuit has repeatedly held similar arguments to be frivolous and without merit.  See United States v. Morgan, 419 Fed. Appx. 958, 959 (11th Cir. 2011) (holding that the taxpayers' argument that they were not involved in a "trade or business" was frivolous); United States v. Morse, 532 F.3d 1130, 1132-1133 (11th Cir. 2008) (holding that an argument that income from work in the private sector is not subject to income tax was frivolous); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (stating that arguments that the taxpayer is not a person subject to the income tax and that the Internal Revenue Service does not have jurisdiction over the taxpayer are "patently frivolous"); Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (holding that the taxpayer's arguments that "only public servants are subject to tax liability" were frivolous).

---

[11]In his numerous pretrial filings petitioner repeatedly invites our attention to various court opinions including, most prominently, Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916).  The Supreme Court's opinion in Brushaber strikes down every objection advanced in that case regarding the constitutionality of the income tax provisions of the 1913 Tariff Act.  See Powers v. Commissioner, T.C. Memo. 2009-229.  Nothing in the Supreme Court's opinion in Brushaber supports any contention petitioner makes in the instant cases; to contend otherwise is frivolous.  Likewise, none of petitioner's additional citations of legal precedent support his contentions.

**[\*11]** Indeed, petitioner's frivolous and groundless arguments warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011). Because self-employment income, dividends, capital gains, and interest must be included in petitioner's income under section 61, we sustain respondent's determinations with respect to the increased deficiencies as modified by concessions.

III.    Additions to Tax

If a taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for an addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence with respect to the liability of the taxpayer for the additions to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden of production, the Commissioner must come forward with sufficient evidence showing that it is appropriate to impose the addition to tax. Id. Once the Commissioner meets his burden, the taxpayer must come forward with sufficient evidence to persuade this Court that the determination is incorrect. Id.

**[\*12]** Respondent determined that petitioner is liable for additions to tax under

section 6651(a)(1) for failure to timely file returns for 2006 and 2007. Section

6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file

a return unless it is shown that such failure is due to reasonable cause and not due

to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); United

States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994). Failure to file a timely

Federal income tax return is due to reasonable cause if the taxpayer exercised

ordinary business care and prudence but nevertheless was unable to file the return

within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Willful neglect means a conscious, intentional failure to file or reckless

indifference towards filing. Boyle, 469 U.S. at 245.

To meet the requirement of filing a return, a taxpayer must file a valid

return. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139

(6th Cir. 1986). Under Beard v. Commissioner, 82 T.C. at 777, a valid return is

one that (1) contains sufficient data to calculate a tax liability, (2) purports to be a

return, (3) represents an honest and reasonable attempt to satisfy the requirements

of the tax law, and (4) is executed by the taxpayer under penalties of perjury. A

taxpayer who files a document that purports to be a Federal income tax return but

which contains only zeros on the relevant lines has not filed a valid return because

[*13] it does not contain sufficient information for the Commissioner to calculate and assess a tax liability. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Hamilton v. Commissioner, T.C. Memo. 2009-271.

Respondent introduced into evidence petitioner's 2006 and 2007 Forms 1040 on which petitioner reported zero taxable income and which contained zeros on all relevant lines. Attached to petitioner's Forms 1040 were documents on which petitioner purported to "correct" to zero taxable income reported by certain third-party payors. Respondent also introduced deemed stipulations that petitioner had income from various sources in amounts sufficient to require the filing of returns. Respondent did not treat petitioner's purported returns as valid returns and the record supports respondent's position. See Cabirac v. Commissioner, 120 T.C. at 168-169. Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c).

Petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is in error. Petitioner did not introduce any evidence to prove that he is not liable for the additions to tax or that he had reasonable cause for his failure to timely file valid returns. Accordingly, we conclude that petitioner is liable for the section 6651(a)(1) addition to tax for 2006 and 2007.

**[\*14]**  Respondent also determined that petitioner is liable for an addition to tax for failure to pay estimated tax under section 6654 for 2007.  Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.[12] The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c) and (d).  Each required installment of estimated tax is equal to 25% of the "required annual payment".  Sec. 6654(d).  The "required annual payment" is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year), or (2) if the individual filed a valid return for the immediately preceding taxable year, 100% of the tax shown on that return. See sec. 6654(d)(1)(A), (B), and (C).  A taxpayer has an obligation to pay estimated tax only if he has a "required annual payment".  Wheeler v. Commissioner, 127 T.C. 200, 212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); see also Mendes v. Commissioner, 121 T.C. 308, 324 (2003).

Respondent introduced evidence showing that petitioner had Federal income tax liabilities, that petitioner was required to file Federal income tax returns for 2006 and 2007, that petitioner did not file a valid Federal income tax

_____

[12]Unless a statutory exception applies, the sec. 6654(a) addition to tax is mandatory.  See sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

[*15] return for 2006 or 2007, and that petitioner did not make any estimated tax payments.  Therefore, respondent has shown petitioner had a required annual payment under section 6654(d)(1)(B) for 2007.  Accordingly, we hold that petitioner is liable for the section 6654(a) addition to tax for 2007.

IV.    Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears that:  (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.  A taxpayer's position is frivolous or groundless if it is "'contrary to established  law and unsupported by a reasonable, colorable argument for change in the law.'"  Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Throughout these proceedings, petitioner repeatedly asserted arguments that are contrary to well-established law and are frivolous.  At trial petitioner did not testify regarding any factual matters and instead persisted in asserting frivolous and groundless arguments.  Although this Court provided ample warning in pretrial proceedings of the potential implications of continuing to assert those frivolous and groundless arguments, petitioner did not abandon his arguments or

[*16] acknowledge his liability for income tax on the income he received in 2006 and 2007.[13]

Petitioner has wasted the time and resources of this Court. The record demonstrates that petitioner maintained these proceedings primarily for delay and that petitioner's asserted positions were frivolous and groundless. In the exercise of our discretion we conclude that a penalty under section 6673(a)(1) is appropriate. Petitioner shall pay to the United States a penalty of $10,000 under section 6673(a)(1) in each of the consolidated cases, for a total section 6673 penalty of $20,000.

---

[13]Petitioner is no stranger in this Court. In a case at docket No. 13267-09L, we sustained respondent's determination to proceed with the collection by lien and levy of petitioner's unpaid liabilities for 1999-2004. In doing so, we warned petitioner that he might become subject to a sec. 6673 penalty in future cases if he persisted in maintaining proceedings for delay or otherwise advanced frivolous arguments.

At docket No. 15452-10L, a collection due process case for 2006 concerning imposition of a sec. 6702 penalty for filing a frivolous return, we held that petitioner's 2006 Form 1040 "reflects a desire (which appears on the purported return) to delay or impede the administration of Federal tax laws" and imposed on petitioner a sec. 6673 penalty of $5,000.

Unfortunately, the imposition of sanctions in docket No. 15452-10L, our previous warnings in docket No. 13267-09L, and our repeated warnings in these consolidated cases did not deter petitioner from advancing the same frivolous arguments in his pretrial memorandum and at trial. A more substantial penalty is warranted.

**[*17]** We have considered the remaining arguments made by the parties and, to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the parties' concessions and the foregoing,

<u>Decisions will be entered under</u>

<u>Rule 155</u>.