T.C. Memo. 2013-265

UNITED STATES TAX COURT

JOHN LEWIS HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14625-12.                    Filed November 19, 2013.

John Lewis Hill, pro se.

Anne M. Craig, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency of $4,093 in

petitioner's 2005 Federal income tax and additions to tax of $921, $1,023, and

$164 under sections 6651(a)(1) and (2) and 6654,[1] respectively.  After

---

[1]Unless otherwise indicated, all statutory references are to the Internal

(continued...)

**[*2]** concessions,[2] the issues for decision are: (1) whether petitioner is liable for a deficiency in Federal income tax for 2005; (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654; and (3) whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay or for asserting frivolous or groundless positions.

FINDINGS OF FACT

Some of the facts have been deemed established for purposes of this case pursuant to Rule 91(f). The deemed facts are incorporated herein by this reference. Petitioner resided in Florida when he petitioned this Court.

I.      Petitioner's Income

During 2005 petitioner was self-employed as a hearing aid specialist. He ordered and sold hearing aids, performed hearing tests, and fitted and adjusted hearing aids for customers. Petitioner performed his hearing aid activities through his sole proprietorship, Precision Hearing Aid Center (Precision Hearing). Precision Hearing was in St. Cloud, Florida.

---

[1](...continued)
Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner's capital gain for 2005 was $685 and that petitioner did not receive $649 in nonemployee compensation income.

**[\*3]** Through Precision Hearing petitioner received medical payment income that was reported to respondent on third-party information returns. Petitioner received medical payment income of $2,800 from North American Health Plans, Inc., $6,350 from United Healthcare Insurance Co., and $666 from Blue Cross & Blue Shield of Florida, Inc. Petitioner also maintained an investment account at TD Ameritrade during 2005. Petitioner received $30,920[3] from the sale of stocks and bonds through his Ameritrade account in 2005.

## II.    Petitioner's Return and Notice of Deficiency

On January 21, 2009, respondent received petitioner's Form 1040, U.S. Individual Income Tax Return, for 2005. With the exception of lines 40 and 41 (showing the standard deduction as a positive amount and a negative amount, respectively) and line 42 (showing the exemption amount), each line on

---

[3]Respondent introduced into evidence consolidated Form 1099-INT-DIV-MISC-OID-1099B, which showed petitioner received $30,924 from the sale of stocks and bonds through Ameritrade in 2005. On March 13, 2013, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f). Included in respondent's facts at paragraph 6 was a proposed finding that petitioner earned $30,920 from the sale of stocks and bonds through Ameritrade in 2005. By order dated April 11, 2013, this Court deemed established the facts and evidence set forth in respondent's motion to show cause. Respondent also introduced into evidence a Form 4549, Income Tax Examination Changes, and a Form 886-A, Explanation of Items, which state that petitioner's income from the sale of stocks and bonds through Ameritrade was $30,920. We resolve the discrepancy in petitioner's income from Ameritrade in 2005 by treating $30,920 as petitioner's receipts from the sale of stocks and bonds.

**[*4]** petitioner's Form 1040 was either blank or filled in with a zero. Petitioner reported taxable income of zero for 2005 and did not make any estimated tax payments.

Petitioner attached to his 2005 Form 1040 a document purporting to "correct" to zero the amounts on certain Forms 1099.[4] The document attached to petitioner's Forms 1040 included the following statement:[5]

> The purpose of this document is to rebut and correct payments made to myself, John L. Hill, by third party "PAYERS," for the year 2005, that <u>erroneously</u> allege "gains, profit, or income" made in the course of a "trade or business" as the term "trade or business" is defined under [s]ection 7701(a)(26), "income" for the purpose of an "income tax," or "gross income" for the purpose of an "income tax." The corrected amounts indicate the proper amount of "gains, profit, or income" made in the course of a "trade or business" as the term "trade or business" is defined under [s]ection 7701(a)(26), "income" for the purpose of an "income tax," or "gross income" for the purpose of an "income tax" paid to me, the "RECIPIENT," by those third party "PAYERS."

---

[4]The document attached to petitioner's 2005 return purported to correct Forms 1099-MISC, Miscellaneous Income, filed by Blue Cross & Blue Shield of Florida, Inc., United Health Care Insurance Co., and North American Health Plans, Inc., and consolidated Form 1099 filed by Ameritrade.

[5]Petitioner also attached to his return a letter in which he objected to having to file a Form 1040 and questioned respondent's authority to request a Form 1040.

**[\*5]** Respondent determined that petitioner's 2005 Form 1040 was not a valid return and prepared a substitute for return on behalf of petitioner under section 6020(b).[6] Respondent issued a notice of deficiency dated March 7, 2012.

## OPINION

I.     Burden of Proof

Ordinarily, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Here, the record establishes, and petitioner concedes, that he received medical payments for services as a hearing aid specialist and proceeds from the sale of stock. Petitioner does not dispute respondent's determination of the amount of his taxable income. He disputes only the characterization of these payments as taxable income.[7] Because petitioner raises only legal issues, we

---

[6]The substitute for return consisted of a Form 4549, a Form 886-A, and a Form 13496, IRC Section 6020(b) Certification.

[7]Petitioner disputed the accuracy of certain Forms 1099 in his petition and at trial. Under sec. 6201(d), if a taxpayer asserts a reasonable dispute with respect to an item of income reported on an information return filed by a third party and the taxpayer meets certain other requirements, the Commissioner bears the burden of producing reasonable and probative evidence, in addition to the information return, concerning the deficiency attributable to the income item.

(continued...)

[*6] decide whether he is liable for the deficiency at issue without regard to the burden of proof.[8]

II.     Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived", including gains from dealings in property and compensation paid for services, whether furnished by the taxpayer as an employee, a self-employed person, or an independent contractor.  See sec. 61(a)(1), (3); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  Petitioner contends that the income he received from his hearing aid business is not income subject to Federal taxation.  Likewise, petitioner contends that his stock sale proceeds are not subject to Federal taxation.

---

[7](...continued)
Petitioner admitted that he performed services for, and received medical payments from, the various health care companies for which respondent received Forms 1099.  Petitioner did not dispute the amounts reported on the information returns respondent received.  Petitioner has not raised any reasonable dispute with respect to the accuracy of the information returns.  We conclude that petitioner's attempt to dispute the accuracy of the information returns under these circumstances is not reasonable under sec. 6201(d).  See, e.g., Carlson v. Commissioner, T.C. Memo. 2012-76; Hyde v. Commissioner, T.C. Memo. 2011-131.

[8]Respondent, however, bears the initial burden of production with respect to the additions to tax.  See sec. 7491(c); infra p. 9.

**[*7]** Petitioner supports his position by contending, among other things, that he was not involved in a trade or business as defined by the Code. Petitioner defines a trade or business to include only the performance of the function of a public office, and not his private sector activities for which he received only private sector money. Petitioner therefore asserts that the amounts he received from all third-party payors are not gain or profit from a trade or business as defined in section 7701(a)(26), taxable income, or gross income. Petitioner also contends that (1) he is not a person statutorily made liable for the income tax;[9] (2) the income tax is an excise tax; (3) he did not have income within the meaning of the Sixteenth Amendment; and (4) the income tax does not apply to the receipts of all American citizens.

Without exception, petitioner has raised only frivolous and groundless arguments.[10] The U.S. Court of Appeals for the Eleventh Circuit has repeatedly

---

[9]Petitioner's statutory argument is based in part on his contention that withholding agents under sec. 1461 are the only persons made statutorily liable for the payment of income tax.

[10]In his numerous pretrial filings petitioner repeatedly invites our attention to various court opinions including, most prominently, Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916). The Supreme Court's opinion in Brushaber strikes down every objection advanced in that case regarding the constitutionality of the income tax provisions of the 1913 Tariff Act. See Powers v. Commissioner, T.C. Memo. 2009-229. Nothing in the Supreme Court's opinion in Brushaber supports

(continued...)

**[*8]** held similar arguments to be frivolous and without merit. See United States v. Morgan, 419 Fed. Appx. 958, 959 (11th Cir. 2011) (holding that the taxpayers' argument that they were not involved in a "trade or business" was frivolous); United States v. Morse, 532 F.3d 1130, 1132-1133 (11th Cir. 2008) (holding that an argument that income from work in the private sector is not subject to income tax was frivolous); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987) (stating that a taxpayer's argument that withholding agents are the only persons statutorily liable for the income tax was "utterly without merit"); McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986) (stating that arguments that the taxpayer is not a person subject to the income tax and that the Internal Revenue Service does not have jurisdiction over the taxpayer are "patently frivolous"); Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (holding that the taxpayer's arguments that "only public servants are subject to tax liability" were frivolous).

Indeed, petitioner's frivolous and groundless arguments warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)

---

[10](...continued)
any contention petitioner makes in the instant case; to contend otherwise is frivolous. Likewise, none of petitioner's additional citations of legal precedent support his contentions.

**[\*9]** ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011). Because self-employment income and capital gains must be included in petitioner's income under section 61, we sustain respondent's determination with respect to the increased deficiencies as modified by concessions.

III.    Additions to Tax

If a taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for an addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence with respect to the liability of the taxpayer for the additions to tax. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden of production, the Commissioner must come forward with sufficient evidence showing that it is appropriate to impose the addition to tax. Id. Once the Commissioner meets his burden, the taxpayer must come forward with sufficient evidence to persuade this Court that the determination is incorrect. Id.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file a return for 2005. Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return,

**[*10]** unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994). Failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference towards filing. Boyle, 469 U.S. at 245.

To meet the requirement of filing a return, a taxpayer must file a valid return. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986). Under Beard v. Commissioner, 82 T.C. at 777, a valid return is one that (1) contains sufficient data to calculate a tax liability, (2) purports to be a return, (3) represents an honest and reasonable attempt to satisfy the requirements of the tax law, and (4) is executed by the taxpayer under penalties of perjury. A taxpayer who files a document that purports to be a Federal income tax return but which contains only zeros on the relevant lines generally has not filed a valid return because it does not contain sufficient information for the Commissioner to calculate and assess a tax liability. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); Hamilton v. Commissioner, T.C. Memo. 2009-271; see also United

[*11] <u>States v. Moore</u>, 627 F.2d 830, 835 (7th Cir. 1980) (stating that an income tax might conceivably be calculated on the basis of a return showing zero entries, but that "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code").

Respondent introduced into evidence petitioner's 2005 Form 1040 on which petitioner reported zero taxable income and which contained zeros on all relevant income lines. Attached to petitioner's Form 1040 was a document which purported to "correct" to zero taxable income reported by certain third-party payors. The record also includes deemed stipulations that petitioner had income from various sources in amounts sufficient to require the filing of a return. Respondent did not treat petitioner's purported return as a valid return, and the record supports respondent's position that petitioner did not make an honest and reasonable attempt to supply the information required by the Code. <u>See</u> <u>Cabirac v. Commissioner</u>, 120 T.C. at 169. Consequently, we conclude that respondent has satisfied his burden of production under section 7491(c).

Petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is in error. Petitioner did not introduce any evidence to prove that he is not liable for the addition to tax or that he had

[*12] reasonable cause for his failure to timely file a valid return. Accordingly, we conclude that petitioner is liable for the section 6651(a)(1) addition to tax for 2005.

Respondent also determined that petitioner is liable for an addition to tax for failure to pay an amount of tax shown on a return under section 6651(a)(2). The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. at 170. Petitioner did not file a valid 2005 return. However, respondent prepared a substitute for return under section 6020(b). A return prepared by the Secretary[11] under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies. Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent introduced into evidence a substitute for return that satisfied the requirements of section 6020(b), as well as a copy of petitioner's account transcript. The substitute for return and the account transcript establish that petitioner failed to pay the tax shown on the substitute for return. Respondent has satisfied the burden of production under section 7491(c). Petitioner did not

---

[11]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

**[\*13]** introduce any evidence that he was unable to pay the tax owed or that he would have suffered undue hardship if he had paid the tax on the due date. See sec. 301.6651-1(c), Proced. & Admin. Regs. Accordingly, we hold that petitioner is liable for the section 6651(a)(2) addition to tax for 2005.

Respondent also determined that petitioner is liable for an addition to tax for failure to pay estimated tax under section 6654 for 2005. Section 6654 imposes an addition to tax on an individual who underpays his estimated tax.[12] The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c) and (d). Each required installment of estimated tax is equal to 25% of the "required annual payment". Sec. 6654(d). The "required annual payment" is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his tax for such year), or (2) if the individual filed a valid return for the immediately preceding taxable year, 100% of the tax shown on that return. See sec. 6654(d)(1)(A), (B), and (C). A taxpayer has an obligation to pay estimated tax only if he has a "required annual payment". Wheeler v. Commissioner, 127 T.C. at 212; see also Mendes v. Commissioner, 121 T.C. 308, 324 (2003).

---

[12]Unless a statutory exception applies, the sec. 6654(a) addition to tax is mandatory. See sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).

**[\*14]** Respondent introduced an account transcript showing that petitioner had a Federal income tax liability for 2004 and that he did not file a valid return.[13] Respondent also introduced evidence showing that petitioner had a Federal income tax liability for 2005, that petitioner was required to file a Federal income tax return for 2005, that petitioner did not file a valid Federal income tax return, and that petitioner did not make any estimated tax payments. Therefore, respondent has shown petitioner had a required annual payment under section 6654(d)(1)(B) for 2005. Accordingly, we hold that petitioner is liable for the section 6654(a) addition to tax for 2005 unless the Rule 155 computations show that he qualifies for the section 6654(e)(1) exception to the addition to tax.[14]

IV.    Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears that: (1) the taxpayer has instituted or maintained proceedings primarily for delay; (2) the taxpayer's position is

---

[13]Because petitioner did not file a valid tax return for 2004, we need not engage in any analysis under sec. 6654(d)(1)(B)(ii). See Trescott v. Commissioner, T.C. Memo. 2012-321; Mandeville v. Commissioner, T.C. Memo. 2007-332.

[14]Under sec. 6654(e)(1), the sec. 6654(a) addition to tax does not apply if the tax shown on the return for the taxable year (or, if no return is filed, the tax), reduced by the credit under sec. 31, is less than $1,000.

**[\*15]** frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies.  A taxpayer's position is frivolous or groundless if it is "'contrary to established  law and unsupported by a reasonable, colorable argument for change in the law.'"  Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Throughout these proceedings, petitioner repeatedly asserted arguments that are contrary to well-established law and are frivolous.  At trial petitioner did not testify regarding any factual matters and instead persisted in asserting frivolous and groundless arguments.  Although this Court provided ample warning in pretrial proceedings of the potential implications of continuing to assert those frivolous and groundless arguments, petitioner did not abandon his arguments or acknowledge his liability for income tax on the income he received in 2005.[15]

---

[15]Petitioner is no stranger in this Court.  In a case at docket No. 13267-09L, we sustained respondent's determination to proceed with the collection by lien and levy of petitioner's unpaid liabilities for 1999-2004.  In doing so, we warned petitioner that he might become subject to a sec. 6673 penalty in future cases if he persisted in maintaining proceedings for delay or otherwise advanced frivolous arguments.

At docket No. 15452-10L, a collection due process case for 2006 concerning imposition of a sec. 6702 penalty for filing a frivolous return, we held that petitioner's 2006 Form 1040 "reflects a desire (which appears on the

(continued...)

**[*16]** Petitioner has wasted the time and resources of this Court. The record demonstrates that petitioner maintained these proceedings primarily for delay and that petitioner's asserted positions were frivolous and groundless. In the exercise of our discretion we conclude that a penalty under section 6673(a)(1) is appropriate. Petitioner shall pay to the United States a penalty of $10,000 under section 6673(a)(1).

We have considered the remaining arguments made by the parties and, to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

---

[15](...continued)
purported return) to delay or impede the administration of Federal tax laws" and imposed on petitioner a sec. 6673 penalty of $5,000.

At docket Nos. 221-10 and 15501-10, consolidated cases addressing deficiencies in petitioner's 2006 and 2007 income tax which this Court heard before the trial in this case, we repeatedly warned petitioner that he might become subject to a sec. 6673 penalty if he continued to advance frivolous arguments. Unfortunately, the imposition of sanctions in docket No. 15452-10L, our previous warnings in docket No. 13267-09L, and our repeated warnings in the consolidated cases did not deter petitioner from advancing the same frivolous arguments in this case. We imposed on petitioner a sec. 6673 penalty of $10,000 in each of the consolidated cases (total sec. 6673 penalty of $20,000 in the consolidated cases) for advancing frivolous arguments. The same $10,000 penalty is warranted here.

**[*17]** To reflect respondent's concessions and the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.
