NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VINCENT B. ANDERSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1597

---

Petition for review of the Merit Systems Protection Board in No. SF-0845-15-0852-I-1.

---

Decided: October 16, 2017

---

VINCENT B. ANDERSON, Madras, OR, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Vincent Anderson petitions for review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board"). The Board sustained the denial of Anderson's request to waive recovery of an alleged overpayment by the Office of Personnel Management ("OPM"). We *affirm*.

BACKGROUND

Mr. Anderson was employed as a heavy-equipment repair technician with the Oregon National Guard. In 1990, he injured his ankle, and in 1992, this injury led to his honorable discharge.

In 1992, Mr. Anderson filled an application for immediate retirement based on disability under the Federal Employees Retirement Systems ("FERS"), and applied for disability benefits from the Social Security Administration ("SSA"). Mr. Anderson's Social Security disability application was denied on September 29, 1992. On March 29, 1993, OPM denied petitioner's application for regular disability retirement but notified Mr. Anderson that he might be eligible for disability retirement under the "Special Provisions" for National Guard Technicians under Public Law No. 97-253. Anderson re-applied under this provision, and on April 13, 1993, OPM notified Mr. Anderson that his disability retirement had been approved.

Shortly thereafter, in a Special Notice to FERS Disability Annuitants, Mr. Anderson was advised that if he were later awarded Social Security disability payments ("SSDI"), he was required to notify OPM immediately, and his disability annuity would be reduced accordingly. In 2005, Mr. Anderson was awarded SSDI but failed to notify OPM. On January 8, 2015, OPM became aware that petitioner had been receiving SSDI.

On March 18, 2015, OPM informed Mr. Anderson that it would reduce his disability retirement benefits by the

amount that he was entitled to receive from Social Security. OPM also notified Mr. Anderson that he had received overpayments amounting to $101,718 for the period between September 1, 2005, and February 28, 2015, and that he would have to make monthly repayment in 471 installments of $215.87 with a final installment of $43.23. Mr. Anderson wrote Congressman Greg Walden complaining about OPM's decision, which OPM treated as a request for a waiver of the overpayment.

In response to the waiver request, on September 3, 2015, a Merit Systems Protection Board Administrative Judge ("AJ") issued a decision that adjusted Mr. Anderson's repayment schedule from 471 installments of $215.87 with a final installment of $43.23 to 806 installments of $125 with a final installment of $104.52, based on a finding that the initial repayment schedule would create financial hardship for Mr. Anderson. Mr. Anderson then sought review of that decision by the full Board, and on December 28, 2016, the Board denied Mr. Anderson's petition and affirmed the ruling of the AJ.

Anderson seeks review in this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of this court's review of a Board decision is limited. We only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Briggs v. Merit Sys. Prot. Bd.,* 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Petitioner claims that the Board failed to take into account the March 29, 1993, letter from OPM. Petitioner contends that this letter confirms he received a normal

retirement, not a disability retirement. Anderson argues that since he did not receive a disability retirement, his annuity payments should not be offset.

However, the March 29, 1993, letter informing Mr. Anderson that OPM would not approve his disability retirement under the Civil Service Retirement System ("CSRS") or FERS is not helpful to petitioner. The subsequent April 13, 1993, letter informs petitioner that he would receive disability retirement under the Special Provisions. While Mr. Anderson did not receive a normal disability retirement under the CSRS or the FERS, he undisputedly received a disability retirement under the "Special Provisions" for National Guard Technicians, under the FERS, on April 13, 1993.

The Board correctly ruled that this Special Provision is a form of disability retirement, which must be reduced by SSA benefits. 5 U.S.C. § 8452(a)(2)(A) requires that "[f]or any month in which an annuitant is entitled both to an annuity under this subchapter. . . and to a disability insurance benefit under section 223 of the Social Security Act, the annuitant's annuity for such month (as so computed) shall. . . be reduced by 100 percent of the annuitant's assumed disability insurance benefit for such month." Mr. Anderson appears to be receiving disability retirement annuity payments under 5 U.S.C. § 8456. This is in the same "subchapter" as 5 U.S.C. § 8452(a)(2)(A). Therefore, OPM was correct to offset Mr. Anderson's disability retirement annuity by his SSDI benefits. We find no abuse of discretion in denying Mr. Anderson a waiver.

## **AFFIRMED**

### COSTS

No costs.