T.C. Memo. 2020-34

UNITED STATES TAX COURT

MARK ALAN STAPLES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6560-18.                              Filed March 11, 2020.

Mark Alan Staples, pro se.

<u>Michael Thomas Garrett</u>, <u>Lindsey J. Nicolette</u>, and <u>Matthew A. Houtsma</u>,

for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COPELAND, <u>Judge</u>:  In a notice of deficiency dated January 8, 2018, and

pursuant to section 6212(a),[1] respondent determined a deficiency of $1,635 in

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] Federal income tax for petitioner's 2015 taxable year. After concessions,[2] the issue for decision is whether petitioner is entitled to a loss deduction on account of his Federal Employees Retirement System disability annuity (FERS annuity) benefits being reduced by the amount he received as Social Security Disability Insurance (SSDI) benefits. We hold that he is not entitled to a loss deduction.

## FINDINGS OF FACT

Some facts have been stipulated and are so found. Petitioner resided in Albuquerque, New Mexico, when he timely filed his petition. Petitioner was employed as a primary patent examiner for the U.S. Patent and Trademark Office, an agency of the Department of Commerce, until a disability forced him into retirement. His retirement began November 13, 2012.

Petitioner's FERS disability application was finalized on January 14, 2013, with payments due from an effective date of November 14, 2012, onward. In connection with granting the FERS annuity, the Office of Personnel Management (OPM) instructed petitioner to apply for SSDI benefits, and petitioner complied.

---

[1](...continued)
Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]As noted infra, the notice of deficiency giving rise to this action related to two items of unreported taxable income. Petitioner conceded both in the stipulation of facts and at trial.

[*3] At some point thereafter, the Social Security Administration (SSA) awarded petitioner a monthly SSDI benefit of $1,654, which, according to a letter from OPM, was effective March 1, 2012.

In response to petitioner's receipt of SSDI benefits, OPM initially reduced his monthly FERS annuity by 100% of his monthly SSDI benefits for the months in which he received both. Beginning December 1, 2013, OPM recomputed petitioner's FERS annuity, resulting in a monthly reduction equal to 60% of his monthly SSDI benefits. On or about the time when petitioner turned 62, and in accordance with 5 U.S.C. sec. 8452(b)(1) (2012), OPM again recomputed (effective August 14, 2015) his FERS annuity using an amount that essentially represented the annuity he would have received if he had continued working until the day before his 62d birthday and had retired under the FERS nondisability provisions. After OPM's August 14, 2015, recomputation, no further reduction occurred to petitioner's FERS annuity.

Petitioner requested that OPM reconsider its initial computation of his FERS annuity. By letter dated November 19, 2015, OPM affirmed its initial decision and stated that the affirmation represented its "final decision" but that petitioner had the right to appeal to the Merit Systems Protection Board (MSPB). It is unclear whether petitioner did appeal to the MSPB.

**[*4]**  On his 2015 Federal income tax return filed March 26, 2016, petitioner reported (1) taxable interest income of $1, (2) SSDI benefits of $29,723, (3) FERS annuity benefits of $23,650, and (4) retirement benefits of $3,325 from an retirement account maintained at State Street Retiree Services.  Petitioner is a cash basis taxpayer.  He did not claim any loss deduction on his return.

Respondent received third-party reporting that during 2015 petitioner additionally received (1) $10 in interest income from Nusenda FCU (Nusenda) and (2) $4,648 in distributions from a retirement account maintained with PNC Bank National Association (PNC), from which PNC withheld and remitted $929 to the Internal Revenue Service (IRS).  The third-party information prompted respondent to send petitioner a Notice CP2000, dated June 19, 2017, proposing changes to his 2015 return, reflecting an outstanding balance due of $742 and allowing him 30 days to respond (i.e., by July 19, 2017).

Before the expiration of the 30-day deadline, petitioner responded in writing to respondent (1) conceding that he had indeed received the referenced interest income from Nusenda and retirement distribution from PNC, less the remitted withholding, but (2) contesting whether the additional income raised his overall tax liability, and (3) attaching a check for $742 dated July 17, 2017.  Petitioner also apologized, citing his serious illness and incapacitation as the reasons for his

[*5] oversights and omissions. Respondent treated petitioner's check as a deposit and did not take it into account when determining petitioner's deficiency. Despite petitioner's concession, he continued to challenge whether the inclusion of the additional income should raise his overall tax liability, asserting that the reduction of his FERS annuity constituted a loss for which he should be able to claim a deduction. Petitioner filed Form 1040X, Amended U.S. Individual Income Tax Return, dated September 19, 2017, through which he advanced his loss theory. Respondent has not processed or accepted petitioner's amended return and does not agree or stipulate that petitioner's amended tax return accurately reflects his income tax liability for the 2015 taxable year.

Overall, petitioner remained dissatisfied with respondent's rationale for raising his overall tax liability. Petitioner sent respondent a letter, dated November 30, 2017, expressing his confusion regarding conversations with and letters received from respondent: "I did not know what further information or action the IRS was seeking from me." The letter furthered his argument that he suffered a loss that his tax return should have reflected. "OPM took -$7,939 of my SSA income away from my federal pension/annuity * * * even though 93% of SSA income had been earned in my private sector employment withholdings * * *. [M]y income loss in 2015 should not have been taxed * * *. I decided to amend

[*6] my 2015 tax return as I overpaid my taxes by not accounting for my income loss." Petitioner indicated that the IRS allows deductions for gambling losses, casualty losses, disaster losses, theft losses, and business losses and should allow his FERS annuity loss.

Respondent sent petitioner a notice of deficiency dated January 8, 2018, indicating additional income of $4,658 and a resulting deficiency of $1,635, the same amounts as reflected in the Notice CP2000. Without taking into account petitioner's deposit, the amount due was $742 after applying the additional withholding of $929 and an interest charge of $36.

## OPINION

A.    Jurisdiction

We are a court of limited jurisdiction. See sec. 7442; Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392, 396 (1971). We have only the jurisdiction which is conferred on us by statute. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. at 396; see also sec. 7442. As a result, we lack general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987). To the extent petitioner disputes OPM's calculations of his FERS annuity, this Court does not have jurisdiction to decide employee benefit entitlement issues that fall within the purview of various departments and agencies of the U.S. Government. See Norris

**[\*7]** v. Commissioner, T.C. Memo. 2001-152, 2001 WL 715854, at \*2, aff'd, 46 F. App'x 582 (9th Cir. 2002).

Our jurisdiction to consider tax matters generally depends on the existence of a validly issued notice of deficiency and a timely filed petition. Secs. 6212 and 6213; Rule 13(a); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). We may then redetermine the amount of the deficiency for the taxable period at issue in the notice. See secs. 6212, 6213, and 6214; see also Hyde v. Commissioner, T.C. Memo. 2011-131, 2011 WL 2436914, at \*3. Ordinarily, we will not look behind the notice of deficiency to examine the circumstances surrounding the determination. See Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Instead, we conduct a proceeding de novo and redetermine a taxpayer's liability on the basis of the evidence presented during the deficiency proceeding, not on whatever record was developed at the administrative level before the notice of deficiency was issued. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974).

We also have jurisdiction to determine the amount of any overpayment a taxpayer made for a year that is properly before the Court on a petition to redetermine a deficiency. Sec. 6512(b)(1). If we determine that there is an overpayment and further determine the amount of the overpayment that is

**[*8]** refundable in accordance with section 6512(b)(3), the overpayment amount thus determined "shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer." Sec. 6512(b)(1). Petitioner claims he is entitled to such a refund. Because this matter involves a validly issued notice of deficiency and a timely filed petition, we have jurisdiction to determine the merits of both respondent's proposed deficiency and petitioner's refund claim.

B.      Burden of proof

A taxpayer bears the burden of proving that he is entitled to the deductions claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The burden of proof shifts to the Commissioner under certain circumstances when a taxpayer presents credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Sec. 7491(a). Petitioner does not contend, nor does the evidence establish, that the burden shifts to respondent under section 7491(a) as to any issue in this case.

C.      Whether petitioner is entitled to a deduction because his FERS annuity benefits were reduced by his receipt of SSDI

Petitioner contends that the reduction of his FERS annuity was a loss which he should be able to account for by deducting it from his income. He claims the loss is akin to a gambling loss, casualty loss, disaster loss, theft loss, or business

[*9] loss. However, petitioner did not experience a gambling, casualty, disaster, theft, or business loss in 2015. Instead, he did not receive additional anticipated income which, if received, would have been subject to tax. There was no receipt of that income and thus no tax and likewise no applicable deduction. We disagree with petitioner's contention because he cannot deduct a loss for unrealized income.

A Federal employee subject to FERS may be eligible to retire and receive a FERS annuity if he or she becomes disabled. See 5 U.S.C. secs. 8451 and 8452 (2012). It is a benefit not enjoyed by non-Federal employees who become disabled. In a similar situation, members of the general public who become disabled may be eligible to receive SSDI benefits. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797 (1999) ("The * * * [SSDI] program provides benefits to a person with a disability so severe that she is 'unable to do [her] previous work' and 'cannot . . . engage in any other kind of substantial gainful work which exists in the national economy.'" (quoting 42 U.S.C. sec. 423(d)(2)(A) (1994) (second alteration in original))).

The statute governing petitioner's FERS annuity benefits requires that his FERS annuity be reduced by his entitlement to SSDI benefits. See 5 U.S.C. sec. 8452(a)(2)(A)(i) ("For any month in which an annuitant is entitled both to an

[*10] annuity under this subchapter * * * and to a disability insurance benefit under section 223 of the Social Security Act, the annuitant's annuity for such month (as so computed) shall * * * be reduced by 100 percent of the annuitant's assumed disability insurance benefit for such month[.]").

Petitioner is not the first person unhappily affected by the FERS-SSDI offset rule; it is an issue that has been addressed and decided in many previous cases.  See Anderson v. Office of Pers. Mgmt., 713 F. App'x 1003 (Fed. Cir. 2017) (holding that a FERS disability retirement annuity under 5 U.S.C. sec. 8452 is subject to offset by SSDI benefits); Johnston v. Office of Pers. Mgmt., 70 M.S.P.R. 109, 113-114 (M.S.P.B. 1996) (holding that the plain text of 5 U.S.C. sec. 8452(a)(2)--and the legislative history surrounding it--support a reduction in the FERS disability annuity based on the SSDI benefit as determined under section 223 of the Social Security Act), aff'd without published opinion, 99 F.3d 1160 (Fed. Cir. 1996).

In addition, the congressional record reflects that the FERS-SSDI offset rule is no accident.  While the criteria for a FERS disability annuity and SSDI benefits are different, the creation of a FERS disability annuity created the potential for overlap; in that regard, the Senate explained:  "[T]he * * * [FERS] benefit payable to the Social Security disabled must take into account the amount of the Social

**[*11]** Security benefit to avoid being overly compensated." S. Conf. Rept. No. 99-302, at 142 (1986).

But as we noted supra, we lack jurisdiction to decide employee benefit entitlement issues that fall within the purview of the various Federal agencies. However, we have jurisdiction under sections 6213 and 6512(b)(1) to redetermine an income tax deficiency or to determine an overpayment by petitioner. The sole issue before us is whether the reduction to petitioner's FERS annuity was a loss for which he is entitled to a deduction in the amount of the reduction. In other words, petitioner seeks a deduction for an amount of income which he expected to realize but did not.

Petitioner is a cash basis taxpayer. It is well established that no deduction is allowed under any Code section for the loss of unrealized income by a cash basis taxpayer. See, e.g., Hort v. Commissioner, 313 U.S. 28, 32-33 (1941) (holding that since unrealized rent is not includable in cash method taxpayer's gross income, taxpayer has no grounds for deduction of the rental payments he failed to realize); Hendricks v. Commissioner, 406 F.2d 269 (5th Cir. 1969) (stating that a taxpayer is not allowed to reduce ordinary income actually received by the amount of income he failed to receive), aff'g T.C. Memo. 1967-140. The notion of a deductible "loss" simply does not include the failure to realize anticipated income.

[*12] <u>Marks v. Commissioner</u>, 390 F.2d 598, 599 (9th Cir. 1968), <u>aff'g</u> T.C. Memo. 1966-62.  We therefore find petitioner's contention without merit.

To reflect the foregoing and petitioner's concessions,

<u>Decision will be entered under</u>

<u>Rule 155</u>.